IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHAWN D. BUSH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANK BISIGNANO,[1] )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 4:24-CV-00786-BCW |

## ORDER

Before the Court are Plaintiff Shawn D. Bush's brief seeking judicial review of a final decision of Defendant the Commissioner of Social Security (Doc. #8), the Commissioner's brief in support of the Commissioner's decision (Doc. #9), and Bush's reply (Doc. #11). After briefing, the Court heard oral argument during a telephone hearing on September 30, 2025. Bush and the Commissioner each appeared by counsel.

## BACKGROUND

This matter involves the appeal of the Commissioner's final decision denying Bush's application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq. The Court may review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

On December 9, 2021, Bush filed an application for Title II benefits, alleging disability beginning November 4, 2021. The Commissioner denied the application initially, and on

---

[1] Frank Bisignano, Commissioner of the Social Security Administration as of May 6, 2025, is substituted as defendant in this cause. Fed. R. Civ. P. 25(d).

reconsideration. Bush thus requested a hearing, which was held before an Administrative Law Judge ("ALJ") on November 20, 2023.

On December 8, 2023, the ALJ issued Findings of Fact and Conclusions of Law denying Bush's application for benefits as follows. Bush met the insured status requirements of the Social Security Act through June 30, 2022. He did not engage in substantial gainful activity between the onset date of November 4, 2021 and the date last insured, June 30, 2022.

The ALJ found Bush has the following severe impairments: "osteopenia, degenerative joint disease of the left foot; congenital talipes equinovarus ('TEV') deformity of the left foot; and obesity." (Doc. #7-3 at 17). The ALJ otherwise discussed, but found non-severe, Bush's degenerative disc disease of the lumbar spine, left rotator cuff tear status-post repair, hypertension, and rickettsiosis.

In finding Bush's left shoulder condition non-severe, the ALJ noted that imaging during the relevant time period showed "full-thickness, partial width tearing of tendons, fluid in the bursa, maceration of tearing of glenoid labrum, tenosynovitis of the long head of the biceps tendon, and degenerative joint disease of the acromioclavicular joint, and the claimant subsequently underwent injections and then rotator cuff repair in December 2021 with physical therapy." (Doc. #7-3 at 18). The ALJ further referenced Bush's continuing reports of shoulder pain and limited range of motion, but noted the record lacked evidence of significant abnormalities on physical exam. The ALJ noted that while at times providers noted limited range of motion and tenderness, physical exams generally reflected full range of motion, "no clubbing, cyanosis, or edema," normal left upper extremity, good grip strength, "and no gross neurological deficits." The ALJ also stated that the record does not document any complications from Bush's December 2021 surgery, or that any

revision surgery was required during the relevant period. "[R]ather, the claimant was noted to be recovering well and doing well post-surgery." (Doc. #7-3 at 18).

The ALJ found Bush does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Doc. #7-3 at 20). The ALJ specifically discussed listings 1.15 for disorders of the skeletal spine, 1.16 for lumbar spinal stenosis, 1.18 for abnormality of a major joint, and 14.00 for immune system disorders. (Doc. #7-3 at 20).

Based on the foregoing, the ALJ assessed Bush's residual functional capacity ("RFC") as follows:

> the claimant had the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance; and must avoid concentrated exposure to vibration and all exposure to hazards such as dangerous machinery and unprotected heights.

(Doc. #7-3 at 20). The ALJ then found Bush unable to perform any past relevant work, but in consideration of Bush's age, education, work experience, and RFC, "there were jobs that existed in significant numbers in the national economy that Bush could have performed." (Doc. #7-3 at 25). Relying on the testimony of a vocational expert ("VE"), the ALJ determined Bush could perform the following representative occupations: (1) office helper, DOT #239.567-010; (2) parimutuel ticket checker, DOT #219.587-010; and (3) telephone quotation clerk, DOT # 237.367-046. The ALJ thus found Bush not disabled under Title II. The Appeals Council denied review and this denial decision is thus adopted as the Commissioner's final decision.

**LEGAL STANDARD**

The Court must determine whether the Commissioner's finding that Bush was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted). This determination requires review of the entire record,

including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. R.R. Ret. Bd., 88 F.3d 528, 530 (8th Cir. 1996). "The court's role is not to reweigh the evidence or try the issues de novo." Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence means "more than a mere scintilla" of evidence. Id. (citation omitted). Rather, it "is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Wheeler v. Apfel, 224 F.3d 891, 894 (8th Cir. 2000) (citation omitted). The substantial evidence standard, however, "presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts." Clarke v. Bowen, 843 F.2d 271, 272 (8th Cir. 1988) (citation omitted). "An administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. at 272-73 (citation omitted). Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, [the Court] must affirm the decision." Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted).

An individual claiming disability benefits has the burden of proving he or she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. See 42 U.S.C. § 423(d)(1)(A). If the claimant succeeds, the burden of production shifts to the Commissioner to establish the claimant can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); 20 C.F.R. § 404.1560(c)(2) (2012).

## ANALYSIS

Bush asserts the Commissioner's decision denying his application for Title II benefits is not based on substantial evidence based on the ALJ's step two evaluation. Bush argues the record includes evidence of a severe left shoulder impairment, reflected by objective changes to physical aspects of his shoulder joint and tendons, and shoulder pain limiting his ability to use his left arm throughout the day. Bush asserts the ALJ should have, at step two of the sequential evaluation process, concluded that Bush's left shoulder impairment met the de minimis standard for a severe impairment and accounted for Bush's left shoulder impairment through manipulative limitations in the RFC. In opposition, the Commissioner argues the ALJ properly evaluated the record as to Bush's left shoulder impairment during the relevant period, such that the step two evaluation, RFC, and ultimate denial of Bush's Title II application are based on substantial evidence.

At step two of the sequential evaluation process, the ALJ must determine whether a claimant's impairments are severe – that is, whether the impairment(s) significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). If an impairment has "no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." Id. (citing Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)).

The claimant bears the burden at step two to establish that his impairments are severe. Kirby, 500 F.3d at 707. "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard . . . ." Id. at 708 (citing Page, 484 F.3d at 1043-44); Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989)). Where substantial evidence in the record as a whole supports

5

the ALJ's conclusions that an impairment has no more than minimal impact on the claimant's ability to perform basic work activities, and if the ALJ considered and resolved conflicting evidence, the Court may not substitute its opinion for that of the ALJ. Walter v. Comm'r, Soc. Sec. Admin., No. 19-1073, 824 Fed. App'x 437, 438 (8th Cir. 2020) (citing Kirby, 500 F.3d at 707; Swink v. Saul, 931 F.3d 765, 770-71 (8th Cir. 2019); Myers v. Colvin, 721 F.3d 521, 527 (8th Cir. 2013); Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012)).

In this case, Bush asserts the ALJ improperly found Bush's left shoulder impairment non-severe based on records reflecting that Bush was "recovering well" and "doing well" after his December 2021 shoulder surgery. Citing Koch v. Kijakazi, Bush argues "improved symptoms" post-surgery provides no information about whether a claimant's pain is reduced long-term or whether symptoms have improved to such a degree so as to have no effect on the claimant's ability to perform basic work activities. 4 F.4th 656, 665 (8th Circuit. 2021).

Consistent with Koch, statements that a claimant is "recovering well" and/or "doing well", standing alone, provide an insufficient basis to evaluate the impact on an impairment on a claimant's ability to perform basic work activities. Id. However, unlike the circumstances in Koch, the record in Bush's case reflects substantial evidence to support the ALJ's determination at step two of the sequential evaluation process that Bush's left shoulder impairment is non-severe. Consistent with the ALJ's findings and conclusions, Bush's treatment records for the relevant time period do not reflect ongoing left shoulder problems after Bush's rotator cuff surgery in December 2021. The post-surgery records reflect normal examination findings as to Bush's left shoulder and use of the left extremity. Also, in formulating Bush's RFC, the ALJ relied on Dr. Murray's prior administrative medical findings based on her review of records, including those from the relevant

time period, reflecting no functional or manipulative limitations attributable to Bush's left shoulder impairment post-surgery. (Doc. #7-4 at 38-41). Accordingly, it is hereby

ORDERED, pursuant to Section 405(g), the Commissioner of Social Security's determination is AFFIRMED.

IT IS SO ORDERED.

DATE: <u>December 2, 2025</u>

<u>/s/ Brian C. Wimes</u><br>
JUDGE BRIAN C. WIMES<br>
UNITED STATES DISTRICT COURT